UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS JOHN WILLIAMS,<br><br>                           Plaintiff,<br>     v.<br><br>SGT. JOLLY, SGT. CLINE, C/O ELLIS, C/O MCPHERSON, PAT GLEBE, C. TUCKER, NURSE RIDENOUR, CARE REVIEW COMMITTEE, DOC MEDICAL DIRECTOR KENNY, D. DAHNE, HCM DOMINOSKI, C/O LIBBY, NORMAN GOODENOUGH,<br><br>                          Defendants. | No. C13-5515 RBL/KLS<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER – STAYING DISCOVERY PENDING MOTION TO DISMISS** |

Before the Court is Defendants' Motion for Protective Order. ECF No. 32 (see ECF No. 35 praecipe for correct attachment of main document). Defendants move to stay discovery pending adjudication of their motion to dismiss, which is currently noted for October 4, 2013 (ECF No. 33).

**BACKGROUND**

On June 25, 2013, Plaintiff filed a lawsuit under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights when they denied him a sack lunch and provided him with insufficient medical treatment of neck pain and a skin condition. ECF No. 1. Defendants have filed a motion to dismiss seeking to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted and based on the fact that Defendants are entitled to qualified immunity. ECF No. 33.

ORDER - 1

On August 12, 2013, Defendants received Plaintiff's First Set of Interrogatories containing a number of interrogatories propounded to various defendants.  ECF No. 32, Declaration of Timothy Feulner, ¶ 1.  On September 6, 2013, Defendants' counsel conferred with Plaintiff to discuss postponing discovery until after the Court's ruling on Defendants' Motion to Dismiss.  *Id.*, ¶ 2.  The parties were unable to reach an agreement.  *Id.*, ¶ 2.

## DISCUSSION

The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c).  A court may relieve a party of the burdens of discovery while a dispositive motion is pending.  *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended by* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

When government officials raise the issue of qualified immunity, the Supreme Court has held that discovery should not proceed until the threshold issue of immunity has been resolved.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *DiMartini*, 889 F.2d at 926.  In this case, Defendants assert that there is a serious question as to the merits of Plaintiff's Complaint and that they are entitled to qualified immunity.

A ruling on this motion may resolve all or some of Plaintiff's claims.  Failing to stay discovery while the motion is pending will burden the State and waste State resources.  Further, a stay will not prejudice Plaintiff as the complaint must stand on its face and this Court's ruling could affect the scope of discovery.

Accordingly, it is **ORDERED:**

(1)     Defendants' Motion for Protective Order (ECF No. 32) is **GRANTED**; all discovery shall be **STAYED** pending further order of this Court.

ORDER - 2

1  (2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for
2  Defendants.

   **DATED** this 18th_ day of September, 2013.

   *[signature]*
   Karen L. Strombom
   United States Magistrate Judge

ORDER - 3