1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

13

14

CARLOS JOHN WILLIAMS,

                                Plaintiff,

        v.

SGT. JOLLY, SGT. CLINE, C/O ELLIS,
C/O MCPHERSON, PAT GLEBE, C.
TUCKER, NURSE RIDENOUR, CARE
REVIEW COMMITTEE, DOC
MEDICAL DIRECTOR KENNY, D.
DAHNE, HCM DOMINOSKI, C/O
LIBBY, NORMAN GOODENOUGH,

                                Defendants.

No. C13-5515 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  November 15, 2013**

15

16

17

18

19

20

        Before the Court is the Motion to Dismiss of Defendant Karen Ridenour.[1]  ECF No. 29.
The motion was originally noted for consideration on September 20, 2013.  *Id.*  Plaintiff Carlos
John Williams requested and was granted a thirty day extension of time to respond to Defendant
Ridenour's motion.  ECF No. 40.  Mr. Williams filed a response.  ECF No. 55.  Defendant
Ridenour filed a reply.  ECF No. 56.

21

22

        Having carefully considered the motion and balance of the record, the Court recommends
that Defendant Ridenour's motion be granted.

23

24

25

26

---

[1] In a separate Report and Recommendation, the Court has recommended that Plaintiff's claims against Defendants
Care Review Committee (CRC), Sgt. Cline, Dennis Dahne, John Dominoski, Cory Ellis, Pat Glebe, Norman
Goodenough, Sgt. Jolly, DOC Medical Director Kenney, Carey Tucker, C/O Libby, and C/O McPherson be
dismissed.  ECF No. 53.

REPORT AND RECOMMENDATION - 1

**STATEMENT OF FACTS**

For the purposes of a motion to dismiss, Plaintiff's allegations are accepted as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On March 19, 2011, Mr. Williams was given an x-ray of his neck.  ECF No. 8, at 11. The

doctor who examined the x-ray issued a report on April 20, 2011, in which he concluded that Mr.

Williams had "mild degenerative changes of the cervical spine."  *Id.*, at 12.  The report also

stated "consider advanced imaging with MRI if the patient has focal cervical radicular

symptoms."  *Id.*  Mr. Williams alleges that he told Defendant Ridenour, a physician's assistant

at SCCC, that he was having "these symptoms," but she refused to order an MRI.  *Id.*, at 11.  In a

grievance attached to his complaint, Mr. Williams stated that on February 21, 2012, Defendant

Ridenour told him that "DOC will not authorize an MRI to determine the next course of action,

although a doctor recommended an MRI if I suffered certain symptoms of 'focal cervical

radicular symptoms' on 4-20-11."  *Id.*, p. 14.  Grievance Coordinator D. Dahne responded to Mr.

Williams' grievance.  Mr. Dahne stated that Mr. Williams' grievance had been investigated and

it was concluded that "an MRI has been deemed level 3 and not medically necessary at this

time."  Mr. Dahne further advised Mr. Williams to address any concerns through the sick call

process and that if his condition worsened or his providers determined it appropriate, a request

for the MRI could be resubmitted to the Care Review Committee (CRC).[2]  *Id.*

When the CRC reviewed Mr. Williams' request for an MRI in June 2011, it determined

that an MRI was not medically necessary.  ECF No. 8, at 16.  Mr. Williams was instructed to

---

[2] The CRC is a group of DOC primary care physicians, physician assistants (PACs), and advanced registered nurse practitioners (ARNPs) constituted according to the DOC Offender Health Plan (OHP), to review the medical necessity of proposed health care within a cluster of DOC facilities.  ECF No. 33, Exhibit 1, Offender Health Plan at 7.

REPORT AND RECOMMENDATION - 2

work with his provider to identify the best treatment options.  *Id.,* at 16.  Seven months later Mr.

Williams was transferred from SCCC.  *Id.*, at 19.

## STANDARD OF REVIEW

A court may grant a motion for dismissal for failure to state a claim under Fed. R. Civ. P.

12(b)(6), "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim that would entitle him to relief."  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]).  "Dismissal can be based on the lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory."

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, material allegations of the complaint are taken as admitted and

the complaint is to be liberally construed in favor of the plaintiff.  *Jenkins v. McKeithen*, 395

U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287,

1290 (9th Cir. 1977).  Where a plaintiff is proceeding *pro se*, his allegations must be viewed

under a less stringent standard than allegations of plaintiffs represented by counsel.  *Haines v.

Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  While the court can liberally

construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead.

*Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of

University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

## DISCUSSION

To state a claim under 42 U.S.C. §1983, at least two elements must be met: (1) the

defendant must be a person acting under color of state law, (2) and his conduct must have

deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of

the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981).  Implicit in the second element is a

REPORT AND RECOMMENDATION - 3

third element of causation. *See Mt. Healthy City School Dist Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Mr. Williams alleges that Defendant Ridenour violated his Eighth Amendment rights when she refused to authorize an MRI.  Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Deliberate indifference includes denial, delay, or intentional interference with a prisoner's medical treatment.  *Id*. at 104-05.

To prevail on a claim of deliberate indifference, the plaintiff must prove that the prison official was (1) actually aware of facts from which an inference could be drawn that a substantial risk of harm exists; and (2) that the official actually drew the inference; but (3) nevertheless disregarded the risk to the inmate's health.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health.  *Id.* at 835.  It also requires more than a difference of opinion between the prisoner-patient and prison medical authorities regarding treatment.  *Franklin v. State of Oregon, State Welfare Div*., 662 F.2d 1337, 1344 (9th Cir. 1981) (*citing Estelle v. Gamble*, 429 U.S. at 105-07).  "[T]he question whether an X-ray—or additional diagnostic techniques or forms of treatment—is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle,* 429 U.S. at 107.

Mr. Williams claims that he has symptoms requiring that an MRI be taken and that he communicated these symptoms to Defendant Ridenour.  Mr. Williams claims that in response,

REPORT AND RECOMMENDATION - 4

Defendant Ridenour told him that the DOC would not authorize an MRI.  Accepting Mr.

Williams' allegations are true, his disagreement with the CRC's recommendation that an MRI

was not medically necessary is merely a disagreement between Mr. Williams and his health care

providers as to the appropriate treatment.  The allegations do not state a claim of deliberate

indifference as to Defendant Ridenour whose role, according to Mr. Williams, was limited to

conveying the CRC's recommendation.  Moreover, according to the grievance attached to Mr.

Williams' complaint, he was encouraged to "work collaboratively with [his] provider to obtain

all medically necessary care."  ECF No. 8, at 16.  Mr. Williams does not allege that he continued

to seek care or that he was denied necessary medical care by Defendant Ridenour.  Also,

according to his complaint, Mr. Williams was transferred from SCCC less than seven months

later.  ECF No. 8, at 19.

Mr. Williams also alleged in his complaint that "Sunny Ridenor infracted me or wrote

witness statement to support infraction indifferent to medical complaints."  In his reply, Mr.

Williams explains further that Defendant Ridenour infracted him after he pointed out the

"obvious fact" that she could not examine him because his arms were chained to his side and that

he would sue for an MRI.  ECF No. 55.   Assuming the truth of this allegation, it is unclear how

the writing of an infraction or witness statement to support an infraction constitutes deliberate

indifference to Mr. William's serious medical needs.

Mr. Williams also argues for the first time in his reply that he is suing Defendant

Ridenour because she failed to treat him at all and that this failure was retaliatory and racially

discriminatory.  These claims were not stated against Defendant Ridenour in Mr. Williams'

complaint.  In addition, aside from Mr. Williams' vague and conclusory statements, Mr.

Williams alleges no facts from which it may be inferred that Defendant Ridenour acted with the

REPORT AND RECOMMENDATION - 5

intent to retaliate or to discriminate against him based on his membership in a protected class. To survive dismissal, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## CONCLUSION

The undersigned recommends that Defendant Ridenour's motion to dismiss (ECF No. 29) be **Granted** and Plaintiff's claims against Defendant Ridenour be **dismissed with prejudice** for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 15, 2013**, as noted in the caption.

**DATED** this  30th  day of October, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6